## SUSAN B. CONGDON
vs.
## WILLIAM L. DAVIS

Superior Court    New London County    File #11798

Present:  Hon. EDWIN C. DICKENSON, Judge.

Benjamin H. Hewitt,          Attorney for the Plaintiff.

Berman & Hurwitz,          Attorneys for the Defendant.

**MEMORANDUM FILED DECEMBER 21, 1936.**

DICKENSON, J.  The defendant gave the plaintiff's husband his note for $4,000. and a mortgage to secure the same on Jan. 2, 1923.  In September, 1925, the defendant claims to have paid $700. in cash upon the principal.  The payee died and the plaintiff is now the owner of the note.  This was found amongst her husband's papers in the same envelope with the mortgage and a note for $700.  (Defendant's Ex. 2). The $700.00 note is dated September 22, 1925.  The $4,000. mortgage note bears an endorsement "rec'd on within note $700., Sept. 1925." The defendant has a receipt for $700. (Defendant's Ex. 1).  Admittedly the $700. note has not been paid, and on trial the defendant makes no claim for it as a credit on the mortgage loan, but does claim credit for a $700.00 payment in cash which he testifies was actually made. The plaintiff denies a cash payment contending the endorsement of a $700. payment made on the mortgage note was made as a result of the $700. note.

The burden is upon the plaintiff to establish the debt. By her own mortgage note it appears a $700. payment was made and she has no extraneous evidence to support the

claim it was paid by the $700. note.

It indeed further appears the defendant continued for some time to make interest payments in the same amount, $240. after the alleged payment of principal. His explanation of this is that he expected the excess to apply on the principal. He is a negro mechanic. The payee was a physician and the defendant claims he trusted the doctor to keep the account straight. He appears honest on the witness stand and has reasonably accounted for the acquisition of the cash he used in payment.

The issues are found for him on the claim and it is there-fore found that the amount due the plaintiff is $3,544.94.

The defendant's day for redemption is fixed as the first Tuesday in June, 1937.